IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK ISAAC YETTER                          §
(BOP Register No. 53651-177),              §
                                           §
            Movant,                        §
                                           §
V.                                         §        No. 3:18-cv-807-M-BN
                                           §
UNITED STATES OF AMERICA,                  §
                                           §
            Respondent.                    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Mark Isaac Yetter, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Yetter claims that his counsel was ineffective for failing to object to a sentencing-enhancement, and that the Court erred in applying that enhancement as it calculated his sentence under the advisory Guidelines. But Yetter's counsel successfully objected to the enhancement, so the Court did not apply it to Yetter's Guidelines sentence.

Because Yetter is mistaken about the application of the sentencing enhancement, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny his Section 2255 motion with prejudice.

-1-

## Applicable Background

Yetter pleaded guilty to transporting and shipping child pornography. *See United States v. Yetter*, 3:16-cr-24-M (01) (N.D. Tex.), Dkt. No. 51. A Presentence Report ("PSR") was prepared to aid the Court at sentencing. The PSR recommended that the Court apply a two-level enhancement to Yetter's offense level under United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(3)(F) because "[Yetter] admitted to sharing child pornography with other individuals on 'Yandex.'" *See United States v. Yetter*, 3:16-cr-24-M (01) (N.D. Tex.), Dkt. No. 31-1 at 9; *see also* U.S.S.G. § 2G2.2(b)(3)(F) (applying a two-level enhancement if the defendant distributed child pornography).

But Yetter, through counsel, objected to the application of Section 2G2.2(b)(3)(F). *See United States v. Yetter*, 3:16-cr-24-M (01) (N.D. Tex.), Dkt. No. 37 (arguing that Yetter never distributed child pornography). The government agreed with Yetter's objection, *see United States v. Yetter*, 3:16-cr-24-M (01) (N.D. Tex.), Dkt. No. 38 at 2, and an addendum to the PSR removed that two-level enhancement from its sentencing calculations, *see United States v. Yetter*, 3:16-cr-24-M (01) (N.D. Tex.), Dkt. No. 39. The Court adopted the PSR and imposed a below-Guidelines sentence of 156 months of imprisonment with a five-year term of supervised release. *See United States v. Yetter*, 3:16-cr-24-M (01) (N.D. Tex.), Dkt. No. 51. Yetter did not appeal.

In his Section 2255 motion, Yetter argues that his counsel was ineffective when he failed to object to the application of the two-level enhancement under Section 2G2.2(b)(3)(F), and that the Court erred in applying that enhancement. *See* Dkt. No.

2 at 7; *see also* Dkt. No. 3 at 4-6 (arguing that counsel made no objection to an enhancement for distribution of child pornography and "respectfully urg[ing] the Court to correct his sentence such that it does not reflect any enhancement for distribution.").

## Analysis

Yetter constructs his entire Section 2255 motion on a faulty premise. Contrary to Yetter's claims, counsel did, in fact, object to the two-level enhancement under Section 2G2.2(b)(3)(F). And, because the government conceded that the enhancement should not apply, the Court never included that enhancement in its sentencing calculations. So there is no merit to Yetter's Section 2255 challenges to his counsel's performance or the Court's sentencing calculations.

## Recommendation

The Court should deny Yetter's Section 2255 motion with prejudice as meritless.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: July 10, 2018

 

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE